**UNITED STATES of America,**
**Plaintiff–Appellant,**

Able Time, Inc., Claimant–Appellee,

v.

**2,164 WATCHES, MORE OR LESS, BEARING A REGISTERED TRADEMARK OF GUESS?, INC.; 2,794 Watches, More or Less, Bearing a Registered Trademark of Tommy Hilfiger Licensing, Inc., Defendants.**

No. 02–57014.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2004.

Filed April 28, 2004.

John E. Lee, Assistant United States Attorney, Los Angeles, CA, for the appellant.

Elon A. Pollack, Los Angeles, CA, for the appellee.

Before: REINHARDT, THOMPSON, and KIM WARDLAW, Circuit Judges.

THOMPSON, Senior Circuit Judge:

The United States appeals a judgment on the pleadings against it in this civil forfeiture case. The district court determined that it lacked subject matter jurisdiction because service of process had not been made "forthwith" as required by Supplemental Rule E(4)(a) for Certain Admiralty and Maritime Claims, and the government had not shown good cause for the delay.

We conclude that although service of process was not made "forthwith," and therefore was untimely, the district court nonetheless had subject matter jurisdiction. Consistent with its jurisdiction, the district court had discretion to determine the consequences of the government's untimely service. In exercising that discretion, the court should have taken into consideration not only the excuse proffered by the government, but also the prejudice, if any, suffered by the claimant. The prejudice inquiry might also have included consideration of whether prejudice would result by a dismissal "without" prejudice if, for example, the statute of limitations had run on the government's claims.

Procedurally, dismissal without prejudice, rather than judgment on the pleadings, would have been the appropriate action to take if the court, after considering the question of prejudice, determined that the government's untimely service of process should not be excused. *See Johnson v. Meltzer,* 134 F.3d 1393, 1396 (9th Cir. 1998).

We vacate the district court's judgment and remand for further proceedings.

I

On two separate occasions, the Customs Service seized shipments of watches being imported by Able Time, Inc. ("Able Time") from Hong Kong to Los Angeles. The first shipment, seized on February 12, 1999, contained 2,164 watches bearing a question mark within an inverted triangle etched on the glass, similar to a trademark registered by Guess?, Inc. (the "Guess watches"). The second shipment, seized on May 7, 1999, contained 2,794 watches bearing the word "Tommy" on their faces, similar to a trademark registered by Tommy Hilfiger Licensing, Inc. (the "Tommy watches"). Shortly after each seizure, the Customs Service notified Able Time of its right to file an administrative petition for relief. Able Time chose not to seek administrative relief from seizure of the Guess watches, but submitted a petition for relief from seizure of the Tommy watches. The Customs Service denied this petition.

Over a year later, on November 3, 2000, the government filed a civil complaint for forfeiture against all of the watches. Ten days after this filing, the U.S. Attorney's Office sent Able Time a notice of the filing together with a copy of the complaint. Able Time filed its claim to all the watches on November 27, 2000, and thereby timely appeared in the proceeding.

■ The proceeding is an *in rem* forfeiture action which is governed by the Sup-

plemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"). Supplemental Rule C(3) requires that the defendant *res* be "arrested" even though the property may already be in the possession of the government custodian. Accordingly, on the day the government filed its complaint, it caused a warrant to be issued by the district court clerk for the arrest of the seized watches.

Seventy-six days then expired before the warrant was served on the *res*. The government formally completed service of process shortly thereafter by publication of notice in a newspaper of general circulation. The reason for the delay was that a national budgetary crisis prevented many government agencies, including the Customs Service, from incurring expenditures from the start of the fiscal year (Oct. 1, 2000) until the budget issue was resolved (Jan. 5, 2001). During this budget crisis, the Customs Service lacked spending authority to enter into new purchase agreements with vendors, including newspapers. After the budget crisis was resolved, the warrant was served on the *res* on January 18, 2001, and notice was published on January 25, February 1, and February 8, 2001. No claimant other than Able Time appeared in the case.

Near the end of 2001, the government moved for summary judgment and Able Time moved for judgment on the pleadings. In its motion, Able Time argued that service of process was not "forthwith" as required by Supplemental Rule E(4)(a), and thus the district court lacked subject matter jurisdiction. The district court agreed, and on September 25, 2002 entered judgment on the pleadings against the government. This appeal followed.

## II

▮▮▮ We review de novo a judgment on the pleadings. *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir. 1999). We also review de novo issues of law pertaining to the question of subject matter jurisdiction, but review for clear error factual findings relevant to that determination. *La Reunion Francaise SA v. Barnes,* 247 F.3d 1022, 1024 (9th Cir.2001). We review de novo a district court's interpretation of the Federal Rules of Civil Procedure. *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.,* 146 F.3d 1071, 1074 (9th Cir.1998).

## III

The first question is whether the Customs Service violated Supplemental Rule E(4)(a) by delaying service of process for 76 days following the filing of the forfeiture complaint and issuance and delivery of the process. Supplemental Rule E(4)(a) provides that "[u]pon issuance and delivery of the process ... the marshal or other person or organization having a warrant shall *forthwith* execute the process ... making due and prompt return" (emphasis added).

We have not determined the contours of forthwith service of process under Supplemental Rule E(4)(a). In the Admiralty context, we have stated that forthwith service of process "connotes action which is immediate, without delay, prompt, and with reasonable dispatch."[1] *Amella v.*

---

1. The Admiralty Act, 46 U.S.C.App. §§ 741 *et seq.*, like Supplemental Rule E(4)(a), requires forthwith service of process. In *Henderson v. United States,* 517 U.S. 654, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996), the Court held that the Admiralty Act's forthwith service require-

ment conflicts with the 120–day time limit of Federal Rule of Civil Procedure 4(m), and that the 120–day time limit of Federal Rule 4(m) prevails. In the present case, the Supplemental Rules expressly supersede the Rules of Civil Procedure; accordingly, the

*United States,* 732 F.2d 711, 713 (9th Cir. 1984) (63–day delay in service of process "cannot be considered forthwith"); *see also Barrie v. United States,* 615 F.2d 829 (9th Cir.1980) (64–day delay); *Owens v. United States,* 541 F.2d 1386 (9th Cir. 1976), *cert. denied,* 430 U.S. 945, 97 S.Ct. 1580, 51 L.Ed.2d 792 (1977) (58–day delay); *O'Halloran v. United States,* 817 F.Supp. 829, 831 (N.D.Cal.1993), *aff'd* 45 F.3d 436 (9th Cir.1994) (77–day delay).

■ Here, it is only necessary for us to determine whether "forthwith" as used in Supplemental Rule E(4)(a) may be interpreted to accommodate a delay of 76 days. We hold it may not. Regardless whether the delay in service was caused by the budgetary difficulty encountered by the Customs Service, that difficulty did not render the service of process "forthwith." Because service of process was not made forthwith, it was untimely under Supplemental Rule E(4)(a).

## IV

■ Although the government's untimely service of process violated Supplemental Rule E(4)(a), judgment against it for lack of subject matter jurisdiction was not the appropriate response. "[T]he manner and timing of serving process are generally nonjurisdictional matters of 'procedure' controlled by the Federal Rules." *Henderson v. United States,* 517 U.S. 654, 656, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996).

■ Imperfect service is said to implicate subject matter jurisdiction in *in rem* actions because the subject matter *is* the defendant *res.* "In an *in rem* admiralty action ... a vessel or other property against which the lien is asserted becomes the *res* or subject matter of the action.... Jurisdiction over the *res* is obtained by arrest under process of the court." *Alyeska Pipeline Service Co. v. The Vessel Bay Ridge,* 703 F.2d 381, 384 (9th Cir.1983).

■ Jurisdiction in this sense depends on whether the court has power over the defendant *res* to enforce a judgment against it. Service of process is the mechanism by which the court acquires this power. Therefore, a "failure to serve the warrant on the *res* leaves the court without jurisdiction over the 'defendant' (i.e., the object in dispute)." *United States v. Approximately 2,538.85 Shares of Stock Certificates of the Ponce Leones Baseball Club, Inc.,* 988 F.2d 1281, 1287 n. 8 (1st Cir.1993).

■ Here, service of process was effected, albeit untimely. Untimely but accomplished service of process does not leave the court powerless to render judgment as to the defendant *res* which is before it. Neither the Supplemental Rules nor the Federal Rules of Civil Procedure support stripping the court of jurisdiction merely because its attainment of power over the *res* was not timely. The district court, therefore, had subject matter jurisdiction which was not precluded by the untimely service of process.

## V

■ Untimely service of process, however, has consequences. To determine these consequences, we turn to the Federal Rules of Civil Procedure. As noted above, civil forfeiture actions are governed by the Supplemental Rules. *United States v. One 1978 Piper Cherokee Aircraft,* 91 F.3d 1204, 1208 n. 4 (9th Cir.1996). None-

---

forthwith service requirement of Supplemental Rule E(4)(a), not the 120–day service re-

quirement of Federal Rule 4(m), is applicable.

theless, the Rules of Civil Procedure (hereafter the "General Rules") are applicable to civil forfeiture actions except to the extent that the General Rules conflict with the Supplemental Rules. Supp. R. Adm. Mar. Cl. A. General Rule 4(m) provides a 120–day time limit for service of process. This time limit conflicts with the "forthwith" requirement of Supplemental Rule E(4)(a). Thus, the "forthwith" requirement of Supplemental Rule E(4)(a) applies to this case and renders the service of process untimely.

The Supplemental Rules are silent to the consequences of untimely service. The General Rules are not. Therefore, as to the consequences of untimely service of process, the General Rules apply. General Rule 4(m) provides that if service of process is not timely, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

In *Henderson v. United States,* the Court recounted the history of General Rule 4(m) and noted that while there was no set time limit for service of process prior to 1983, service which was not effected "expeditiously" would result in a dismissal for failure to prosecute. *Henderson,* 517 U.S. at 663, 116 S.Ct. 1638. After 1983, plaintiffs had 120 days to serve process. Untimely service of process without good cause required dismissal. Amendments in 1993 accorded courts discretion "to enlarge the 120–day period even if there is no good cause shown." *Id.*

■ The 1993 amendments to General Rule 4(m) gave courts greater leeway to preserve meritorious lawsuits despite untimely service of process. We have previously held that district courts have broad discretion under General Rule 4(m) to extend time for service even without a showing of good cause. *In re Sheehan,* 253 F.3d 507, 513 (9th Cir.2001). A district court may, for instance, extend time for service retroactively after the 120–day service period has expired. *Mann v. American Airlines,* 324 F.3d 1088, 1090 (9th Cir.2003). As the Seventh Circuit has noted, "service of process today has become more flexible than it once was." *Troxell v. Fedders of North America, Inc.,* 160 F.3d 381, 382 (7th Cir.1998).

■ While service of process in lawsuits governed by the Supplemental Rules must be "forthwith," a court's response to untimely service in such cases should be consistent with the trend towards flexibility under General Rule 4(m). That Rule states the court must extend the time for service if the plaintiff shows good cause for the delay. Fed.R.Civ.P. 4(m). Moreover, even without a showing of good cause, a district court may utilize its "broad" discretion to extend the time for service. *In re Sheehan,* 253 F.3d at 513. If the court declines to extend the time for service of process, the court shall dismiss the suit without prejudice; it shall not enter judgment in the case. *Johnson,* 134 F.3d at 1396.

VI

■ The district court determined that, due to the untimely service of process, it lacked subject matter jurisdiction. Nonetheless, it went on to consider whether there was good cause for the delay. In determining there was no good cause, the court reasoned that the government had failed to show good cause because the ability to pay for publication of service of process was within the government's control. In deciding what to do about the

untimely service, however, the district court failed to consider whether the claimant had suffered any prejudice.[2] That prejudice, if any, should have been considered by the court in exercising its discretion to determine what action to take in light of the untimely service.

■ The prejudice inquiry might also include consideration of what prejudice the plaintiff, here the government, would suffer if the case were dismissed. A dismissal for untimely service is required to be a dismissal without prejudice. *Johnson*, 134 F.3d at 1396. Such a dismissal ordinarily enables the plaintiff to refile the complaint and effect timely service. It is conceivable, however, that prejudice might result from a dismissal without prejudice if, for example, the statute of limitations had expired. The existence of prejudice of this kind could affect what action a court might choose to take in response to untimely service of process. *See Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir.1997), *cert. denied*, 522 U.S. 1109, 118 S.Ct. 1038, 140 L.Ed.2d 104 (1998) ("the running of the statute of limitations is a factor supporting the discretionary *granting* of an extension of time to make service[.]").

Because the district court had subject matter jurisdiction, notwithstanding the untimely service of process, and failed to consider the question of prejudice, we vacate the district court's judgment and remand this case to it for further proceedings.

**VACATED** and **REMANDED.**

REINHARDT, Circuit Judge, dissenting:

I agree with the majority that, in this case, the service of process was not "forthwith" as required by Supplemental Rule E(4)(a). However, I disagree regarding the appropriate remedy for the government's failure to execute a warrant for the arrest of a *res* in a forthwith manner.

"Jurisdiction over the *res* is obtained by arrest under the process of the court. In the absence of an arrest, no decree *in rem* can be rendered against the *res*." *Alyeska Pipeline Service Co. v. The Vessel Bay Ridge*, 703 F.2d 381, 384 (9th Cir.1983). *See also United States v. Approximately 2,538.85 Shares of Stock Certificates of the Ponce Leones Baseball Club, Inc.*, 988 F.2d 1281, 1288–89 (1st Cir.1993) ("[W]ithout an effective seizure of the property, the court may lack jurisdiction to forfeit the property to the government."). After a warrant to arrest an individual or search a residence expires, it is no longer valid. The same is true for a warrant to arrest a *res* that is not executed forthwith in a judicial forfeiture action. *See U.S. v. $38,570 U.S. Currency*, 950 F.2d 1108, 1113 (5th Cir.1992) ("No *in rem* suit can be maintained without a valid arrest of the *res*.").

The majority offers no authority for any contrary rule. The issue, of course, is not whether untimely service "strip[s] the court of jurisdiction" but whether the court ever obtained jurisdiction in the first in-

2. Lack of prejudice *by itself* is not sufficient to establish good cause. *See, e.g., West Coast Theater Corp. v. Portland*, 897 F.2d 1519, 1528–29 (9th Cir.1990). As other courts of appeals have determined, however, "[t]his does not mean ... that lack of prejudice has no part in the 'good cause' determination under [former Rule 4(m)]." *Floyd v. United States*, 900 F.2d 1045, 1049 (7th Cir.1990). *See also MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3rd Cir.1995) ("prejudice may tip the 'good cause' scale"); *Fournier v. Textron, Inc.*, 776 F.2d 532, 534 (5th Cir.1985) (prejudice is "aggravating factor" to be considered in upholding dismissals for delaying service of process).

stance. I would affirm the district court's dismissal for lack of jurisdiction.