MEDIAC PRODUCTIONS, an unknown entity; Charles Sublett, an individual; Juny Sublett, an individual, Counter–claimants,

v.

Yevgeny LYUBER; Irina Ugoric, individuals, Defendants—Appellees,

and

Kurt Penberg, Counter and cross–claim defendant,

v.

Kid Songs for You, LLC, a Delaware corporation; Robert L. Mudd, an individual; James Steven Lawless, Jr., an individual, Plaintiff–cross–defendants—Appellants.

No. 05–55619.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 *.

Filed Dec. 10, 2007.

Jacqueline C. Brown, Esq., Greenberg, Glusker, Fields, Claman & Machtinger, Los Angeles, CA, for Counter–claimants.

Yevgeny Lyuber, Ottawa, Canada, pro se.

Irina Ugoric, Ottawa, Canada, pro se.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**940**

Scott E. Schutzman, Esq., Law Offices of Scott E. Schutzman, Santa Ana, CA, for Plaintiff–cross–defendants—Appellants.

Before: T.G. NELSON, PAEZ, and BYBEE, Circuit Judges.

MEMORANDUM **

Robert Mudd and James Lawless appeal from the district court's order setting aside the default judgment entered against defendants Lyuber and Ugoric and dismissing their copyright infringement action. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion. *Eminence Capital v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003) (dismissal with prejudice); *Brady v. United States*, 211 F.3d 499, 503–04 (9th Cir. 2000) (reviewing decision to set aside default for abuse of discretion). We vacate and remand for further proceedings.

■ The district court abused its discretion by setting aside the default judgment as to Ugoric and dismissing the claims against her under Fed.R.Civ.P. 12(b)(5) without considering appellants' proof of service showing Ugoric was timely served by a third-party service processor. *Cf. Puett v. Blandford*, 912 F.2d 270, 276 (9th Cir.1990) (finding district court abused its discretion by dismissing case based on insufficient service without considering all of the evidence of service submitted). The district court's order does not articulate why the proof of service filed by a third-party service processor was insufficient to demonstrate that Ugoric had been served or whether the court even considered the proof of service in making its decision.

■ The district court also abused its discretion by dismissing with prejudice the claims against Lyuber. The district court did not provide any reason why dismissal as to Lyuber was with prejudice. *See Eminence Capital*, 316 F.3d at 1052 ("[D]istrict court's failure to consider the relevant factors and articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion."). Thus, the district court should have dismissed the action as to Lyuber without prejudice. *See United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004) ("If the court declines to extend the time for service of process, the court shall dismiss the suit without prejudice.")

We therefore vacate the judgment as to Ugoric and remand for the district court to consider plaintiffs' proof of service. We vacate the judgment as to Lyuber and remand for the district court to allow plaintiffs to re-serve Lyuber.

Appellants shall bear their own costs on appeal.

We grant Appellants' motion to preclude Appellees from filing an answering brief and deny their request for sanctions against Appellees.

**VACATED and REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.