**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONAH MARTINEZ; et al., | No.    20-56233 |
| Plaintiffs-Appellants, | D.C. No.<br>2:20-cv-02874-AB-SK |
| v. | |
| ALEX VILLANUEVA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted October 18, 2021
Pasadena, California

Before:  KLEINFELD, R. NELSON, and VANDYKE, Circuit Judges.
Concurrence by Judge KLEINFELD

Appellants appeal from the district court's grant of a motion for judgment on

the pleadings.  We have jurisdiction under 28 U.S.C. § 1291, and we reverse and

remand for further proceedings consistent with this disposition.[1]

We resolve this case for the reasons set forth in *McDougall v. County of*

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[1] The parties are familiar with the facts, so we discuss them here only as necessary.

*Ventura*, No. 20-56220, __ F.4th __ (9th Cir. Jan. 20, 2022), a related case involving different parties but materially similar issues. Pursuant to *McDougall*, this case is not moot because Appellants sought nominal damages, which "provide the necessary redress for a completed violation of a legal right." *McDougall*, __ F.4th at __ (quoting *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 802 (2021)).

On the merits, the Los Angeles County Orders (Orders) both burdened conduct protected by the Second Amendment and fail strict and intermediate scrutiny. *See McDougall*, __ F.4th at __. While the 11-day mandated closure at issue here is shorter than the 48-day closure at issue in *McDougall*, 11 days instantly becomes 21 days when adding California's 10-day waiting period for acquiring firearms. *See Silvester v. Harris*, 843 F.3d 816, 819 (9th Cir. 2016).[2] And a 21-day delay for acquiring a firearm is more than double the delay considered in *Silvester*. *Id.* Moreover, an 11-day total ban on law-abiding citizens' ability to practice with firearms at firing ranges or acquire firearms and ammunitions *at all*—which the Orders clearly indicated could be perpetually extended if the County so decided—

---

[2] The district court's finding that the mandated closure of firearms retailers lasted only five days is clear error. *See United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 770 (9th Cir. 2004) (while judgment on the pleadings are reviewed de novo, factual findings are reviewed for clear error). Under the Orders' plain text, businesses *not* specifically identified as "Essential Businesses" were required to close beginning March 19, 2020. No party disputes that firearms retailers were not specifically identified as "Essential Businesses."

severely burdens the core of the Second Amendment right at a time of crisis, precisely when the need to exercise that right becomes most acute. *See S. Bay United Pentecostal Church v. Newsom*, 141 S. Ct. 716, 718 (2021) (Statement of Gorsuch, J.) ("Even in times of crisis—perhaps *especially* in times of crisis—we have a duty to hold governments to the Constitution.").

**REVERSED and REMANDED.**

FILED

JAN 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Martinez v. Villanueva*, 20-56233

KLEINFELD, Circuit Judge, concurring:

I concur in the result, for the reasons stated in my concurrence in *McDougall v. County of Ventura*, __ F.4th __, __ (9th Cir., Jan. 20, 2022).