**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIMBERLY DAVIS; EBONY CHAPPELL, | No. 23-55701 |
| Plaintiffs-Appellants, | D.C. No. 2:23-cv-02911-RGK-MAA |
| v. | |
| UNITED STATES OF AMERICA; UNITED STATES POSTAL SERVICE; KAILONI ANGELIQUE BROWN, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted September 18, 2024**
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Kimberly Davis and Ebony Chappell (Plaintiffs) appeal from the district

court's dismissal for lack of prosecution of their tort action against the United

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

States, the United States Postal Service, and Kailoni Angelique Brown (Defendants). Reviewing for an abuse of discretion,[1] we affirm in part, vacate in part, and remand for further proceedings.

The district court reasonably determined that counsel's calendaring error did not amount to good cause for extending the deadline to serve Defendants. *See* Fed. R. Civ. P. 4(m); *Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013); *see also Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (per curiam). However, the district court abused its discretion by failing to consider whether an extension was nevertheless warranted based upon excusable neglect. *See Crowley*, 734 F.3d at 976; *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). We vacate and remand so that the district court can address that question. *See United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772–73 (9th Cir. 2004).

The parties shall bear their own costs.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

[1] *See Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007); *see also United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).