FILED

JUN 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HOWARD COCHRAN,

             Plaintiff - Appellant,

    v.

MARK WARDIAN, Police Officer; et al.,

             Defendants - Appellees.

No. 13-15846

D.C. No. 2:11-cv-02538-RCB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Robert C. Broomfield, District Judge, Presiding

Submitted June 12, 2014[**]

Before:    McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Arizona state prisoner Howard Cochran appeals pro se from the district

court's summary judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional violations in connection with his arrest. We have jurisdiction under

28 U.S.C. § 1291. We review for an abuse of discretion the denial of leave to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

amend.  *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013).  We may affirm on any ground supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm in part, reverse in part, and remand.

Denial of Cochran's motion to amend his complaint with respect to his excessive force claim against Wardian was not an abuse of discretion because amendment would have been futile.  *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Futility alone can justify the denial of a motion to amend." (citation and internal quotation marks omitted)); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (the "good cause" standard of Rule 16 controls after a scheduling order is established).

However, denial of Cochran's motion to amend his complaint with respect to his excessive force claim against Feist and Ramsey was an abuse of discretion because Cochran should have been given an opportunity to amend this claim to identify the proper defendants.  *See Crowley*, 734 F.3d at 978 (abuse of discretion to deny leave to amend where the complaint's deficiencies could be cured by naming the correct defendant); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (reversing and remanding because the district court failed to grant prisoner leave to amend his complaint to name the correct defendants).

Accordingly, we reverse the judgment in part and remand to allow Cochran

an opportunity to file an amended complaint.

**AFFIRMED in part, REVERSED in part, and REMANDED**.

13-15846