FILED

**NOT FOR PUBLICATION**

OCT 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SAMMY R. QUAIR, Sr.,<br><br>             Plaintiff - Appellant,<br><br>  v.<br><br>GERTZ, Sheriff,<br><br>             Defendant - Appellee. | No. 13-16483<br><br>D.C. No.  2:11-cv-02293-JAM-CKD<br><br><br>MEMORANDUM[*] |
| SAMMY R. QUAIR, Sr.,<br><br>             Plaintiff - Appellant,<br><br>  v.<br><br>KORY HONEA; et al.,<br><br>             Defendants - Appellees. | No. 13-17233<br><br>D.C. No.  2:11-cv-02294-KJM-KJN |

Appeals from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding
Kimberly J. Mueller, District Judge, Presiding

_____

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted October 14, 2014[]

Before:    LEAVY, GOULD, and BERZON, Circuit Judges.

California state prisoner Sammy R. Quair, Sr., appeals pro se from the district court's summary judgments in his 42 U.S.C. § 1983 actions alleging Eighth Amendment, access-to-courts, retaliation, and conspiracy claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009). We affirm in part, vacate in part, and remand.

In No. 13-16483, we affirm summary judgment for Gertz because Quair failed to raise a genuine dispute of material fact as to whether Gertz knew of a substantial risk of serious harm to Quair from an assault by his cellmate. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate . . . safety"); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (explaining supervisory liability under § 1983); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010) (the Eighth Amendment deliberate indifference standard also applies to pretrial detainees).

---

[**]    The panel unanimously concludes the cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

However, we vacate in part and remand to allow Quair to file a first amended complaint. *See Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013) (explaining that a district court's order granting summary judgment "necessarily entails" a denial of a request for leave to amend, even if the district court did not expressly rule on the request, and concluding that it was an abuse of discretion to deny a pro se litigant leave to amend to name the correct defendants); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review).

In No. 13-17233, Quair alleged in his complaint that grievances and inmate request slips were needed to establish his exhaustion of administrative remedies for the purposes of filing *Quair v. Gertz*, 2:11-cv-02293-JAM-CKD. For the first time on appeal, Quair contends that he needed copies of grievances and inmate request slips to litigate his action against Gertz, including investigating other potential defendants and claims. While arguments that are not raised below are generally waived on appeal, this court has discretion to consider newly-raised arguments to prevent manifest injustice. *See Retail Flooring Dealers of Am., Inc., v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1150 n.5 (9th Cir. 2003) ("[A]n appellate court can review an issue not raised nor objected to prior to appeal if necessary to prevent manifest injustice."). Exercising that discretion, we vacate and remand to the

district court for consideration of Quair's newly-raised argument as it relates to his access-to-courts and retaliation claims.

However, we affirm the judgment as to Quair's conspiracy claim because Quair failed to raise a triable dispute as to whether defendants conspired to deny him access to the courts. *See Harris v. Roderick*, 126 F.3d 1189, 1195-96 (9th Cir. 1997) (requirements of § 1983 conspiracy claim); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (conclusory allegations are insufficient to defeat summary judgment).

Additionally, the district court did not abuse its discretion in denying Quair's motion for appointment of counsel because Quair did not demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and explaining the exceptional circumstances requirement).

We reject Quair's contentions in No. 13-16483 and No. 13-17233 that the district court abused its discretion in denying his request for in pro per privileges at the jail's law library, and his arguments regarding *Rand* notice.

We strongly suggest that the district court consider consolidating these actions on remand.

In sum, in No. 13-16483, we remand to the district court to allow Quair to file a first amended complaint. In No. 13-17233, we remand Quair's access-to-courts and retaliation claims to the district court to consider in light of Quair's newly-raised argument on appeal.

Appellees shall bear the costs on appeal.

**In No. 13-16483, AFFIRMED in part, VACATED in part, and REMANDED.**

**In No. 13-17233, AFFIRMED in part, VACATED in part, and REMANDED.**