**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOHN CROWLEY,
            *Plaintiff-Appellant*,

v.

ROBERT BANNISTER, DR.; DWIGHT
NEVEN, Warden; TAMIIA GRISHAM;
JANE BALAO-CLEDERA; DANIEL
SUSSMAN; PAT DILIDDO,
            *Defendants-Appellees*.

No. 12-15804

D.C. No.
2:10-cv-00150-
KJD-VCF

OPINION

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted
September 11, 2013—San Francisco, California

Filed October 30, 2013

Before: Arthur L. Alarcón and Marsha S. Berzon,
Circuit Judges, and Jack Zouhary, District Judge.[*]

Opinion by Judge Alarcón

---

[*] The Honorable Jack Zouhary, District Judge for the U.S. District Court
for the Northern District of Ohio, sitting by designation.

**SUMMARY**[**]

**Prisoner Civil Rights**

The panel affirmed in part and vacated in part the district court's summary judgment in an action brought under 42 U.S.C. § 1983 by a Nevada state prisoner alleging deliberate indifference to his medical needs in the administration of his medication.

The panel held that plaintiff failed to submit evidence raising a genuine issue of material fact that his injury could have been avoided had Dr. Bannister implemented a policy allowing for the administration of three pill calls per day. The district court therefore did not err in granting summary judgment in favor of Dr. Bannister.

The panel affirmed the district court's grant of summary judgment in favor of Warden Neven and nurses Grisham, Diliddo, and Balao-Cledera because Crowley expressly waived his appeal against them in his reply brief.

The panel vacated the clerk's entry of judgment in favor of Dr. Sussman because the district court abused its discretion in failing to comply with Rule 4(m). The panel held that because the record did not reflect that the district court provided the required Rule 4(m) notice prior to the clerk's entry of judgment in favor of Dr. Sussman, plaintiff was "precluded from attempting to show good cause" or excusable

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

neglect for his failure to serve Dr. Sussman in a timely manner.

The panel also vacated the district court's decision denying plaintiff's request for leave to amend his second amended complaint to name additional defendants and to discover whether any delays on their part in providing medical treatment caused or exacerbated his Lithium toxicity. The panel remanded with instructions to comply with Rule 4(m) with respect to Dr. Sussman and to allow plaintiff leave to amend his second amended complaint.

## COUNSEL

Francis Gerald Fanning, Tempe, Arizona, for Plaintiff-Appellant.

Clark G. Leslie, Senior Deputy Attorney General, Office of the Nevada Attorney General, Appellate Division, Carson City, Nevada, for Defendants-Appellees.

## OPINION

ALARCÓN, Senior Circuit Judge:

John Crowley appeals from the district court's decision granting summary judgment and dismissing his pro se claim that his civil rights were violated because the named defendants, Dr. Robert Bannister, Dr. Daniel Sussman, Dwight Neven, Pat Diliddo, Tamiia Grisham, and Jane Balao-Cledera, were deliberately indifferent to his serious medical

needs, in violation of the Eighth Amendment of the United States Constitution. Crowley, now represented by counsel, raises the following issues on appeal: (1) whether we have jurisdiction to hear this appeal under 28 U.S.C. § 1291; (2) whether the district court abused its discretion in failing to comply with Rule 4(m) of the Federal Rules of Civil Procedure in dismissing the complaint against Dr. Sussman; (3) whether the district court erred in granting summary judgment on the merits in favor of Dr. Bannister; (4) whether the district court abused its discretion in denying his request for leave to amend his second amended complaint; and (5) whether the district court should have been required to advise him of his rights under Rule 56(d) of the Federal Rules of Civil Procedure.

We conclude that we have jurisdiction over this appeal. We affirm the district court's grant of summary judgment in favor of Dr. Bannister because Crowley failed to submit evidence raising a genuine issue of material fact regarding whether Dr. Bannister was deliberately indifferent to his serious medical needs. We also affirm the district court's grant of summary judgment in favor of Warden Neven and nurses Grisham, Diliddo, and Balao-Cledera because Crowley expressly waived his appeal against them in his reply brief. We vacate the clerk's entry of judgment in favor of Dr. Sussman because the district court abused its discretion in failing to comply with Rule 4(m). We also vacate the district court's decision denying Crowley's request for leave to amend his second amended complaint to name additional defendants. We remand with instructions to comply with Rule 4(m) with respect to Dr. Sussman and to allow Crowley leave to amend his second amended complaint.

I

Crowley, acting pro se, filed his initial complaint in the district court on February 3, 2010. The district court dismissed the complaint without prejudice following its initial review under 28 U.S.C. § 1915A. Crowley then filed his first amended complaint. Before any action was taken by the defendants or the district court with respect to the first amended complaint, he filed a second amended complaint, in which he alleged a § 1983 action for deliberate indifference of a serious medical need against Dr. Sussman; Dr. Bannister, the director of the medical department at the Nevada Department of Corrections' ("NDOC") High Desert State Prison ("HDSP"); Warden Neven, the warden at HDSP; and three nurses, Grisham, Diliddo, and Balao-Cledera.

In his second amended complaint, Crowley set forth the following allegations: Nurse Grisham was the intake nurse upon his arrival at HDSP. She informed him there were only two pill calls at the facility and changed his Lithium prescription from three doses to two without the prior approval of a doctor. Dr. Sussman never met with him and did not properly screen his medical file or review Nurse Grisham's alteration to his prescription. His cellmate informed Nurse Diliddo of his "bizarre behavior" and unresponsiveness on May 10, 2009, but she refused to treat him. Nurse Balao-Cledera delayed six hours in providing him medical care after his cellmate informed her of his behavior on May 14, 2009, even though she knew he was suffering from an overdose. Dr. Bannister and Warden Neven were responsible for the operation of HDSP's medical unit and knew that the nurses regularly changed the patient's

prescriptions, even though they were not qualified to do so and had not received prior approval from a doctor.

Crowley claimed that these alleged actions resulted in his hospitalization and ongoing mental and physical side effects. He also requested leave to amend the second amended complaint "with names of Defendants when they are learned."

On April 25, 2011, the district court issued a screening order based on its initial review of the second amended complaint under 28 U.S.C. § 1915A. It directed Nevada's Attorney General to advise the court within 21 days whether she could accept service for the named defendants. With respect to any defendant for whom she could not accept service, the district court ordered her to "file, under seal, the last known address(es) of those defendant(s);" and also directed Crowley to "file a motion requesting the issuance of a summons and specifying a full name and address" for such defendant. It further ordered that "[s]ervice must be completed within one hundred twenty (120) days from the Attorney General's service of a statement that she will not be able to accept service for the defendant."

Crowley's copy of the screening order was returned to the district court as undeliverable on May 2, 2011. The district court's docket indicates that the order was "not remailed," as "[n]o other address was available" for Crowley at that time.

Seven days later, on May 9, 2011, Crowley notified the district court that he was now residing at the Lovelock Correctional Center ("LCC"). The notice was dated May 6, 2011. The district court docket does not reflect that its screening order was thereafter mailed to the LCC address.

The Attorney General accepted service on behalf of all defendants except for Dr. Sussman. She declined to accept service on behalf of Dr. Sussman because "Daniel Sussman is not an employee nor has he ever been an employee of the NDOC." The Attorney General did not provide Dr. Sussman's last known address.

The Attorney General filed a motion to dismiss the second amended complaint and, in the alternative, a motion for summary judgment on behalf of all defendants, except for Dr. Sussman. In support of the motion, the Attorney General provided Crowley's medical records, as well as declarations from defendants and other NDOC staff.

Crowley's medical records reveal the following facts: Crowley is an inmate who has a history of bipolar disorder, delusions, Parkinson's disease, and hypertension. During Crowley's initial imprisonment at LCC, he was administered 900 milligrams of Lithium in the morning and afternoon and 600 milligrams of Lithium in the evening. On April 16, 2009, he was transferred to HDSP. During intake, Nurse Richard Orden reviewed his chart and referred him to psychological services. That same day, Dr. Sussman changed Crowley's prescription for Lithium to be administered twice daily in 1,200-milligram doses. Although the frequency of the doses was altered from three to two doses per day, the total daily amount of 2,400 milligrams stayed the same.

On May 16, 2009, a floor officer notified the medical staff regarding Crowley's unusual behavior. When Nurse Cordero responded, she was advised by his cellmate that Crowley had eaten soap the night before and had no appetite for food. She noted that he was verbally responsive, but was also slow in

his response, confused, staring blankly, jerking, and eating tissue paper. She determined he should be admitted to the infirmary and that his Lithium level should be checked.

Crowley was admitted to the infirmary by the telephone order of Dr. Holmes. When admitted, he responded to questions and obeyed simple commands, but was shaking. His blood was drawn to test his Lithium level.

Crowley spent the following day in the infirmary and was attended to by nurses Grisham and Balao-Cledera. Upon examining Crowley on May 18, a doctor ordered that he be transferred to the emergency room at Valley Hospital based on a diagnosis of probable Lithium toxicity. At the hospital, "he was treated for Lithium toxicity and dehydration secondary most likely due to Lithium-induced Nephrogenic Diabetes Insipidus, a concentrating defect which can produce polyuria, an excessive or abnormally large production and/or passage of urine." He was discharged three weeks later.

Defendants argue that Warden Neven and Dr. Bannister were not liable under § 1983 because their declarations and Crowley's medical records reflected that his medication was changed by a doctor, not a nurse, and that, even if nurses were allowed to change a patient's medications at HDSP, neither directed, approved, or knew of such a policy. Regarding nurses Grisham, Diliddo, and Balao-Cledera, Defendants argue that the medical records and other evidence established that Crowley had incorrectly identified their roles in his medical care and that the medical care they did provide Crowley did not reflect willful indifference.

The district court issued a minute order informing Crowley of his rights under Rules 12 and 56 of the Federal Rules of Civil Procedure, as required by this Court's decisions in *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc). The court's order advised Crowley, *inter alia*, that "if evidence is submitted with a motion to dismiss and considered by the court, then the motion will be treated as a motion for summary judgment" and that "if the court grants summary judgment, then judgment may be entered against [him] and this lawsuit will end without trial." In addition, it instructed Crowley that to oppose a motion for summary judgment:

> [He] must set out specific facts in the form of admissible evidence (such as affidavits, declarations, depositions, answers to interrogatories, or properly authenticated documents as provided in Rule 56(e)), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of fact for trial.

Crowley opposed the motion for summary judgment, contending that "[e]ven if his recollection of who did what on what day is impaired, the facts remain that he suffered severe lithium toxicity and he had to be hospitalized." He did not submit any evidence in support of his opposition. Instead, he requested the opportunity to amend any issue the district court deemed unclear or in dispute.

The district court granted summary judgment with respect to all defendants, except for Dr. Sussman. It concluded that

Crowley failed to produce any admissible evidence raising a genuine issue of material fact that Dr. Bannister knew of the alleged constitutional violations. Regarding his claims against nurses Grisham, Diliddo, and Balao-Cledera, it concluded that Crowley failed to raise a genuine issue of material fact regarding their alleged liability because the "uncontroverted evidence" and "undisputed facts" reflected that he had improperly identified them in his second amended complaint as the persons responsible for a deliberate indifference to his serious medical needs, and that the level of care they did provide him, as evidenced by the medical records, "cannot state a claim for deliberate indifference to [Crowley's] serious medical needs." With respect to all defendants, except for Dr. Sussman who was not a party to the motion, the district court also concluded, alternatively, that these defendants were entitled to qualified immunity because there was no clearly established law that would have put them on notice that their conduct was unlawful.

The same day the district court issued its order granting summary judgment in favor of Dr. Bannister, Warden Neven, and nurses Diliddo, Grisham, and Balao-Cledera, the clerk entered judgment also dismissing this action against Dr. Sussman. Crowley timely appealed. In addition to filing his notice of appeal, Crowley lodged a proposed third amended complaint against Dr. Bannister, Dr. Holmes, Ms. Walsh, and nurses Orden and Cordero.

## II

Represented by counsel on appeal, Crowley argues that the district court erred in granting summary judgment because (1) "the evidence would allow a reasonable jury to conclude

that [Dr. Sussman and Dr. Bannister] acted with deliberate indifference to [his] medical needs," (2) the district court abused its discretion in denying his request for leave to amend his second amended complaint, and (3) the district court failed to advise him that he could request that it defer considering defendants' motions until after discovery. He expressly waived any challenge to the district court's grant of summary judgment in favor of Warden Neven and nurses Diliddo, Grisham, and Balao-Cledera in his reply brief.

## A

Crowley filed a timely notice of appeal. We have jurisdiction to review final decisions of the district court under 28 U.S.C. § 1291. Neither party addressed our jurisdiction in view of the fact that the district court granted summary judgment to fewer than all the named defendants. Nor did the parties address whether a district court is empowered to enter judgment against a party that was never served. Because we are required to raise issues concerning our appellate jurisdiction *sua sponte*, *United States ex rel. Shutt v. Cmty. Home & Health Care Servs., Inc.*, 550 F.3d 764, 766 (9th Cir. 2008), we asked the parties to file supplemental briefs regarding our jurisdiction to hear this appeal. In response to our request, Crowley now asks that we dismiss his appeal and remand because the district court's decision was not final for purposes of conferring jurisdiction under 28 U.S.C. § 1291. We disagree.

"If an action is dismissed as to all of the defendants who have been served and only unserved defendants remain, the district court's order may be considered final under Section 1291 for the purpose of perfecting an appeal." *Patchick v.*

*Kensington Publ'g Corp.*, 743 F.2d 675, 677 (9th Cir. 1984) (per curiam). This Court has recognized a limited exception where "it is clear from the course of proceedings that further adjudication is contemplated." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 872 (9th Cir. 2004).

In *Patchick*, 743 F.2d at 676, the district court granted a dismissal requested by some, but not all defendants. Because plaintiff had attempted to serve the remaining defendants and had not conceded that service was improper, this Court dismissed the appeal for lack of jurisdiction, holding that "[t]he action cannot be final until the service dispute is resolved by the district court in favor of [those] defendants or until the action is dismissed as to those defendants." *Id.* at 677.

The district court's order granted summary judgment in favor of the defendants who had been served, and the parties do not dispute that the only remaining defendant, Dr. Sussman, was never served. Nothing in the district court's order suggests that further adjudication was contemplated, and the clerk entered judgment in favor of all defendants that same day, finally disposing of the action against all defendants. *See Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 434 (9th Cir. 1997) ("Had the court entered a separate final judgment subsequent to the dismissal order, we would be confident the court intended no further action in this case."). Crowley's subsequent lodging of a proposed third amended complaint occurred at the same time that he filed a notice of appeal; he did not name Dr. Sussman as a defendant in that complaint. We are persuaded that we have jurisdiction to review this appeal.

## B

Even though the district court's grant of summary judgment was a final order, we cannot reach the merits of Crowley's claims against Dr. Sussman, as he was never served with the complaint and summons. "'A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.'" *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)). "[W]hether personal jurisdiction can be exercised is a question of law reviewable *de novo* when the underlying facts are undisputed." *Id.* (citing *FDIC v. British-Am. Ins. Co.*, 828 F.2d 1439, 1441 (9th Cir. 1987)).

"'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'" *Benny*, 799 F.2d at 492 (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). However, "[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (internal citations omitted).

The parties do not dispute that Crowley failed to serve Dr. Sussman; therefore, the district court lacked personal jurisdiction over Dr. Sussman and should have proceeded under Rule 4(m) to dismiss the complaint against Dr. Sussman without prejudice. Rule 4(m) provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion *or on its own after notice to the plaintiff*—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). "As indicated by the plain language of Rule 4(m), notice to the plaintiff must be given prior to *sua sponte* dismissal." *Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) (per curiam). "[A] district court abuses its discretion when . . . it dismisses a complaint *sua sponte* for lack of service without first giving notice to the plaintiff and providing an opportunity for [him] to show good cause for the failure to effect timely service." *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir.) (citing *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 115 (2d Cir. 2010)), *cert. denied*, 133 S. Ct. 655 (2012).

The Seventh Circuit analyzed Rule 4(m) in *Brengettcy v. Horton*, 423 F.3d 674, 683 (7th Cir. 2005). In that matter, the district court dismissed on its own motion plaintiff's claims against certain defendants for failure to perfect service consistent with Rule 4. *Id.* On appeal, the Seventh Circuit held that the district court erred because it did not "giv[e the plaintiff] notice, an opportunity to show good cause, and an opportunity to request an extension of time . . . ." *Id.* It remanded to the district court with instructions to reinstate the plaintiff's suit allowing plaintiff "an opportunity to show either that there was good cause to explain his earlier failure

to effect service or that he is otherwise entitled to an extension of time." *Id.*

In its April 25, 2011, screening order, the district court instructed Crowley to complete service within 120 days from the Attorney General's service of a statement that she would not be able to accept service for a defendant. The parties dispute whether Crowley received this order. The district court's docket indicates that the notice was "[r]eturned as [u]ndeliverable" and was "not remailed," as "[n]o other address [was] available." No further entries appear on the docket to reflect whether the order was resent to Crowley after he advised the district court of his new address the following week.[1]

Because the record does not reflect that the district court provided the required Rule 4(m) notice prior to the clerk's entry of judgment in favor of Dr. Sussman, plaintiff was "precluded from attempting to show good cause" or excusable neglect for his failure to serve Dr. Sussman in a timely manner. *Thompson*, 309 F.3d at 110. This Court has explained that

---

[1] In a letter submitted after oral argument, the Attorney General maintains that the order was resent to Crowley's correct address on May 10, 2011, and points to an alleged "note" on the district court's docket in support of his contention. This note does not appear in the public docket; nor does it appear in the record. Because this unsworn factual statement is not properly before us, we cannot consider it. *Barcamerica Int'l USA Trust v. Tyfield Imps.*, *Inc.*, 289 F.3d 589, 593 n.4 (9th Cir. 2002) (holding that "arguments and statements of counsel 'are not evidence . . . .'" (quoting *Smith v. Mack Trucks*, 505 F.2d 1248, 1249 (9th Cir. 1974) (per curiam))).

> Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect. Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action.

*Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (internal citations omitted). The Attorney General concedes Crowley may have had valid grounds for requesting an extension of the time to serve Dr. Sussman under Rule 4(m) because the statute of limitations "ran on or about May 18, 2011—the same day the [Notice of Acceptance of Service] was sent to Crowley." The district court abused its discretion in failing to provide Crowley with the opportunity to show good cause or excusable neglect. In addition, the clerk also violated Rule 4(m) by entering judgment in favor of Dr. Sussman when it should have dismissed the complaint against him without prejudice.

In view of the district court's failure to comply with Rule 4(m), we vacate the entry of judgment in favor of Dr. Sussman and remand for further proceedings.

## C

The district court granted summary judgment in favor of Dr. Bannister because Crowley failed to produce evidence

raising a genuine issue of material fact that Dr. Bannister knew of the alleged constitutional violations. Crowley does not contest this determination on appeal, but instead argues that Dr. Bannister is liable as a supervisor because he was in charge of implementing a drug distribution policy that resulted in harm. He argues that Dr. Bannister "adhere[d] to a 'two pill call' policy" despite the medical risks.

Even though the district court did not consider this theory of liability in its order, "[w]e may affirm on any ground present in the record." *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007) (citing *In re Harbin*, 486 F.3d 510, 520 (9th Cir. 2007)). "We review a grant of summary judgment de novo and must determine, viewing the facts in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc)).

"'Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability.'" *Id.* at 989 (quoting *Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir. 1989)). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Id.* (quoting *Hansen*, 885 F.2d at 646). Under the latter theory, "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and

is 'the moving force of a constitutional violation.'" *Hansen*, 885 F.2d at 646 (quoting *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)).

Crowley failed to raise a genuine issue of material fact as to causation. *See OSU Student Alliance v. Ray*, 699 F.3d 1053, 1076 (9th Cir. 2012) ("Advancing a policy that requires subordinates to commit constitutional violations is always enough for § 1983 liability . . . so long as the policy proximately causes the harm—that is, so long as the plaintiff's constitutional injury in fact occurs pursuant to the policy."), *cert. denied*, No. 12-1296, 2013 WL 1808554 (Oct. 7, 2013). Dr. Bannister's declaration states that the change in dosage had either no effect or benefitted Crowley and that his Lithium toxicity was attributable to other causes, likely dehydration resulting from polyuria or his diet. Crowley presented no evidence that the change from three to two daily doses, without increasing the total amount of Lithium prescribed, could have caused his Lithium toxicity.

In view of Dr. Bannister's uncontradicted declaration, Crowley has failed to raise a genuine issue of material fact that his injury could have been avoided had Dr. Bannister implemented a policy allowing for the administration of three pill calls per day. The district court did not err in granting summary judgment in favor of Dr. Bannister.

D

Crowley contends further that the district court should have granted him leave to amend his second amended complaint because his failure to identify the correct defendants was understandable based on his incapacitation at

the time of the incident. He requested leave to amend in his second amended complaint and in his opposition to the Attorney General's motions.

Even though the district court did not expressly rule on Crowley's requests, its order granting summary judgment "necessarily entailed a denial of the alternative request for leave to amend and a determination . . . 'that the pleading could not possibly be cured by the allegation of other facts.'" *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 983 (9th Cir. 2000) (quoting *Lopez*, 203 F.3d at 1127). We review for abuse of discretion the denial of a motion to amend the complaint. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1072 (9th Cir. 2012).

"Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within certain time limits, or, in all other instances, with the court's leave." *Id.* (citing Fed. R. Civ. P. 15(a)). "'[L]eave to amend should be granted if it appears *at all possible* that the plaintiff can correct the defect.'" *Lopez*, 203 F.3d at 1130 (emphasis added) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)). "[T]he 'rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleading than the person who benefits from the representation of counsel.'" *Id.* at 1131 (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

A district court abuses its discretion by denying leave to amend where the complaint's deficiencies could be cured by naming the correct defendant. *See, e.g.*, *id.* at 1130–31

(complaint named the wrong defendant); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248–49 (9th Cir. 1995) (complaint failed to name individual defendants). If the identity of any defendant is unknown, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Crowley also alleged that his cellmate requested medical assistance on his behalf on May 10, 2009, but that Nurse Diliddo ignored the request and refused to treat him; and that his cellmate again requested medical assistance several days later on May 14, but that he had to wait six hours after Nurse Balao-Cledera responded to the request before he was admitted to the infirmary. Crowley misidentified nurses Diliddo and Balao-Cledera as responsible for this conduct. The medical records show that Nurse Cordero was the nurse who responded to a cellmate's request on May 16, the day he was actually admitted to the infirmary. The present record does not identify the individual who allegedly failed to respond on May 10.

"A prison official violates the Eighth Amendment when he acts with 'deliberate indifference' to the serious medical needs of an inmate." *Snow*, 681 F.3d at 985 (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992),

*overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

We conclude that the district court abused its discretion in denying Crowley leave to amend his second amended complaint to name the correct defendants and to discover whether any delays on their part in providing medical treatment caused or exacerbated his Lithium toxicity constituting indifference to his medical needs.

E

The district court issued a notice to Crowley pursuant to *Klingele* and *Rand*. Crowley concedes that the notice he received complies with the law of this Circuit. He invites us, however, to expand the required notice to advise pro se litigants of their right under Rule 56(d) to seek additional time to conduct discovery before facing a dispositive motion.

This Court adopted the notice requirement because "it effectuates the purpose of the Federal Rules to eliminate 'procedural booby traps' which could prevent 'unsophisticated litigants from ever having their day in court.'" *Rand*, 154 F.3d at 958–59 (quoting *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966)). Under the law of this Circuit, where, as here, a plaintiff does not know the identity of a defendant prior to the filing of a complaint, he "should be given an opportunity through discovery to identify the unknown defendants . . . ." *Gillespie*, 629 F.2d at 642. Accordingly, Crowley will have the opportunity on remand to attempt to name the proper parties, after any discovery opportunity the district court permits. We decline

Crowley's invitation to expand the required contents of the notice to pro se litigants at this time.**²**

## CONCLUSION

We vacate and remand the entry of judgment in favor of Dr. Sussman because the district court failed to comply with Rule 4(m), and we also vacate and remand its denial of Crowley's request for leave to amend. We affirm the district court's grant of summary judgment in favor of Dr. Bannister, Warden Neven, and nurses Grisham, Diliddo, and Balao-Cledera.

**VACATED in part; AFFIRMED in part; REMANDED.**

**EACH PARTY SHALL BEAR ITS OWN COSTS ON APPEAL.**

---

**²** We decline at present to require an expansion of the *Rand/Klingele* notice. However, district courts could be well served by refraining from converting motions to dismiss into motions for summary judgment, or, when doing so, advising *pro se* plaintiffs of their rights under Rule 56(d).