FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


ROBERT CARRASCO GAMEZ, Jr.,

Plaintiff - Appellant,

v.

UNKNOWN NORRIS, CO II, at ASPC
Florence; WESLEY VALENTINE, CO II
at ASPC Florence, AKA Unknown
Valentine,

Defendants - Appellees.

No. 13-16404

D.C. No. 2:12-cv-00760-RCB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Robert C. Broomfield, District Judge, Presiding

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Robert Carrasco Gamez, Jr., an Arizona state prisoner, appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging an

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

excessive force claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). We affirm in part, reverse in part, and remand.

The district court granted summary judgment on Gamez's excessive force claim. However, Gamez stated in his verified complaint and verified response to summary judgment that defendants slammed his face against the floor, took him to the ground, twisted his hands, and jumped on, kicked, and kneed him, even though he complied with defendants' orders and was handcuffed. Thus, viewing the evidence in the light most favorable to Gamez, he raised a genuine dispute of material fact as to whether defendants acted maliciously and sadistically. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (the "core judicial inquiry" in resolving an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm"); *Furnace*, 705 F.3d at 1026 (a court reviewing a summary judgment motion must "assume the truth of the evidence set forth by the nonmoving party"). Accordingly, we reverse summary judgment on this claim and remand for further proceedings.

The district court did not abuse its discretion when it denied Gamez's motion to amend his complaint to add claims against previously dismissed

2                                                                    13-16404

defendants because Gamez failed to allege facts demonstrating that those defendants were personally involved in causing his injury. *See Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (standard of review); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he or she is personally involved in the constitutional violation or if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)).

Contrary to Gamez's contentions, the district court did not abuse its discretion in denying Gamez's various discovery motions and his motion to appoint a forensic expert. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (noting the trial court's broad discretion in discovery matters); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (setting forth standard of review for appointment of an expert witness).

Gamez forfeited his right to appeal the denial of his various non-dispositive motions by failing to file timely objections to the magistrate judge's orders. *See Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1070 n.4 (9th Cir. 2015) (a party "forfeit[s his] right to appellate review of the magistrate judge's nondispositive order . . . for failure to file any objections with the district court" (citation and internal quotation marks omitted)).

Gamez's contentions concerning appointment of a magistrate judge, delayed service on Valentine, and denial of his motion to strike are unpersuasive.

Gamez's requests for appointment of individual and class counsel, set forth in his opening brief, are denied.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**