**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENITA PALMER, et al., | No. 15-16787 |
| Plaintiffs-Appellants, | D.C. No. 1:13-cv-01400-AWI-JLT |
| v. | |
| SALVADOR VASQUEZ, individually and as a Correctional Officer, et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted May 10, 2017
Pasadena, California

Before: O'SCANNLAIN and OWENS, Circuit Judges and WILKEN,[**] Senior District Judge.

Plaintiffs appeal the district court's decision to grant summary judgment for

Defendants in this prisoner civil rights case. We have jurisdiction pursuant to 28

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The Honorable Claudia Wilken, Senior District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

U.S.C. § 1291, and we affirm.

We review de novo a district court's decision to grant summary judgment. *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017).

Every person who, "under color of" law, subjects another person within the jurisdiction of the United States "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable" to that person. 42 U.S.C. § 1983.[1] "Section 1983 creates a 'species of tort liability'" for causing such deprivations. *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017) (citation omitted). "Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and internal quotation marks omitted). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Id.* (citation and internal quotation marks omitted). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a

[1] All citations to the United States Code are to Title 42 unless otherwise stated.

2

repudiation of constitutional rights and is the moving force of a constitutional violation." *Id.*

"The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates." *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). A prison official violates this duty when, viewed objectively, the official's act or omission causes a substantial risk of serious harm, and the official is subjectively aware of that risk and acts with deliberate indifference to the inmate's health or safety. *Id.*

Plaintiffs argue that Correctional Officers Salvador Vasquez and Darren Brown and Warden Kim Holland violated decedent Ladwright Smith's Eighth Amendment rights by housing him in a double-cell with Anthony Taylor and by failing to check on his welfare frequently enough.

### 1. Housing Decision

Plaintiffs argue that Smith never should have been housed with Taylor. But none of the Defendants was responsible for housing Smith with Taylor. The three officers involved in the decision to house the men together are not parties. In addition, the undisputed evidence in the record shows that the decision to house them together was not the result of overcrowding. Accordingly, no Defendant is

3

liable for this decision. *See* § 1983; *Cortez*, 776 F.3d at 1050; *Crowley*, 734 F.3d at 977.

### 2. Welfare Checks

Plaintiffs argue that California Correctional Institution at Tehachapi (CCI) had no policy requiring welfare checks and this absence demonstrates Holland's deliberate indifference. In the alternative, they argue that CCI did maintain a policy requiring welfare checks every half hour and that Vasquez and Brown demonstrated deliberate indifference by failing to check on Smith's welfare for a period of at least an hour and fifteen minutes.

Assuming that Holland was responsible for CCI's policies at the time, she could be liable under § 1983 if Plaintiffs could show that the welfare check policy or lack thereof was "so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citation and internal quotation marks omitted). Plaintiffs rely on Vasquez's testimony that a policy requiring welfare checks every half hour began only after Smith's death. However, Vasquez did not say that there was no welfare check policy previously. A senior officer testified that welfare checks were performed every half hour to an hour at the time prior to Smith's death. In

addition, it is undisputed that officers conducted welfare checks when they conducted inmate counts every twenty-four hours, *see* Cal. Code Regs. tit. 15 § 3274(a), when they offered to escort inmates to shower, and presumably when they brought meals. Plaintiffs have not shown that the policy, or lack of a policy, requiring welfare checks was so deficient that it constitutes a constitutional violation. Furthermore, Plaintiffs have not shown that any lack of an additional welfare check policy was the moving force behind Smith's death.

Holland could also be liable if she knew that an existing welfare check policy was not being followed. Plaintiffs argue that Holland admitted that welfare checks were not being performed when she declared that she had no knowledge that they were not. This is specious. Plaintiffs do not present evidence that welfare checks were not in fact performed.

Plaintiffs argue in the alternative that CCI did maintain a policy requiring half-hourly welfare checks and Vasquez and Brown violated it on the day in question. Assuming that Vasquez violated the welfare check policy between 2 pm, when his shift began, and 3:15 pm, when he discovered Smith's death, he is not liable under § 1983 because there is no evidence that he was subjectively aware that failing to conduct a welfare check during this period would create a serious

5

risk of harm to Smith. Furthermore, it is not clear that checking on Smith during that period would have prevented his death, because the county coroner was unable to determine the time at which it occurred. Brown and Holland also cannot be held liable under this theory, because Brown was assigned to another building and Holland was not present at CCI on the day Smith died. *See Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1080 (9th Cir. 2013).

Plaintiffs' First and Fourteenth Amendment familial association claim is premised on their Eighth Amendment claim and therefore fails as well.

For the foregoing reasons, the district court correctly granted summary judgment for Defendants.

**AFFIRMED.**