**NOT FOR PUBLICATION**



# FILED

DEC 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

PRESTON SHIIRA,

        Plaintiff-Appellant,

v.

STATE OF HAWAII, et al.,

        Defendants-Appellees.

No.    15-16338

D.C. No. 1:14-cv-00124-HG-KSC

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted November 16, 2017**
San Francisco, California

Before:  CLIFTON and FRIEDLAND, Circuit Judges, and GLEASON,*** District
Judge.

---

    \*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*    The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

Preston Shiira appeals the district court's grant of summary judgment to the Defendants-Appellees on his § 1983 claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's summary judgment ruling. *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1202 (9th Cir. 2016). We affirm.

Mr. Shiira contends that the three Defendant nurses at the Kauai Community Correctional Center ("KCCC") were each deliberately indifferent to his serious medical need when they denied Mr. Shiira his prescription pain medications, methadone and Percodan. He asserts that their conduct amounted to a violation of his Eighth Amendment protection against cruel and unusual punishment.[1]

A successful claim of deliberate indifference based on inadequate medical care requires (1) that "the plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain'"; and (2) "the defendant's response to the need was deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citations omitted). The second prong is satisfied

---

[1] The Eighth Amendment was made "applicable to the states through the Due Process Clause of the Fourteenth Amendment[.]" *Baze v. Rees*, 553 U.S. 35, 47 (2008).

2

by "showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* Here, the district court held that Mr. Shiira's chronic pain condition constituted a serious medical need. However, the district court also held that Mr. Shiira could not fulfill the second prong because he had not demonstrated a genuine issue of material fact as to whether the Defendant nurses were aware of and consciously disregarded an excessive risk of harm from his pain. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) ("Under a deliberate indifference analysis, we inquire whether 'the prison official knows of and disregards an excessive risk to inmate health and safety.'" (alterations omitted) (quoting *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002))).

Mr. Shiira states that he "experienced nausea, vomiting, terrible stomach pains . . . was in constant pain . . . was unable to sleep and was unable to walk due to the pain [he] was experiencing." For the purposes of summary judgment, we view the facts in the light most favorable to the non-moving party. *Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013). Therefore, we assume Mr. Shiira's assertions that he was in severe pain during his incarceration to be true. However, the medical records from Mr. Shiira's incarceration indicate that none of the Defendants observed Mr. Shiira to be suffering to the extent that he claims.

3

Furthermore, Mr. Shiira does not specifically maintain that any of the Defendant nurses personally witnessed his severe pain and ignored it. Even viewing the record in the light most favorable to Mr. Shiira, Mr. Shiira has not demonstrated a genuine issue of material fact as to whether the Defendants were aware of his serious medical need and consciously disregarded an excessive risk of harm when they refused to provide him with his prescription pain medication. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

By itself, a failure to administer narcotic pain medication does not constitute a constitutional violation, particularly where, as here, both over-the-counter pain medication and treatment for potential detoxification symptoms are offered. Mr. Shiira admits that he declined the other pain medication treatments, and while Mr. Shiira's expert testified that withholding all medication would fall below the applicable standards of medical care, the expert did not testify that offering alternative pain medications would be medically inappropriate. Nor does Mr. Shiira's argument that the Defendants' conduct violated the Hawaii Pain Patient's Bill of Rights, a state law providing advisory guidelines, speak to whether there was a federal constitutional violation.

For the foregoing reasons, the district court's summary judgment ruling is affirmed, as Mr. Shiira has not shown a genuine issue of material fact as to deliberate indifference.

AFFIRMED.