**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREDERICK MARC COOLEY, | No.   15-16638 |
| Plaintiff-Appellee, | D.C. No. 2:09-cv-00559-MMD-GWF |
| v. | |
| SHARON MEADS, | MEMORANDUM[*] |
| Defendant-Appellant. | |
| FREDERICK MARC COOLEY, | No.   15-16678 |
| Plaintiff-Appellant, | D.C. No. 2:09-cv-00559-MMD-GWF |
| v. | |
| SHARON MEADS; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted June 26, 2018[**]
San Francisco, California

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

In case No. 15-16638, Sharon Meads ("Meads") appeals from the denial of her motion for judgment as a matter of law on qualified-immunity grounds and the district court's decision to give an adverse-inference instruction. In case No. 15-16678, Frederick Cooley ("Cooley") cross appeals from the denial of his motion for a new trial based on alleged jury-instruction errors. We have jurisdiction under 28 U.S.C. § 1291. We reverse the denial of Cooley's motion for a new trial and remand for a new trial. On all other issues, we affirm.

The district court correctly denied Meads's motion for judgment as a matter of law because, deferring "to the jury's view of the facts," *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 456 (9th Cir. 2013), she is not entitled to qualified immunity.[1] The jury found that Meads violated Cooley's Fourteenth Amendment rights during his 2009 detention. *See id.* (holding that jury's verdict meets constitutional violation requirement). At that time, *Hope v. Pelzer*, 536 U.S. 730 (2002), clearly established that chaining a prisoner to an immovable object for seven hours without water or adequate restroom access when "[a]ny safety concerns had long since abated" violated the Constitution. *Id.* at 738. Given *Hope*, no reasonable officer could have

---

[1] We review de novo the "denial of a motion for judgment as a matter of law." *Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948, 954 (9th Cir. 2018) (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (en banc)).

2

believed that Cooley's fifteen-hour, handcuff-restricted confinement—in which Cooley's movement and restroom access were restricted—was appropriate or lawful. As a result, the district court properly concluded that Meads is not entitled to qualified immunity.

Nor did the district court abuse its discretion in giving an adverse-inference instruction.[2] Meads was on notice of likely litigation when she reviewed a surveillance video pursuant to Cooley's telephone complaint, but she failed to ensure its preservation. The adverse-inference instruction served as a proper sanction. *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) (noting that trial courts have "the broad discretionary power to permit a jury to draw an adverse inference from the destruction or spoliation" of evidence when on "notice of 'potential relevance to the litigation'" (quoting *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991))).

Cooley's motion for a new trial[3] raised three alleged instructional errors: the failure to give a bad-faith instruction, the failure to give a supervisory-liability instruction as to Karen Coyne, and the failure to give a punitive-damages instruction. The district court correctly refused to give the first two instructions because they are

---

[2] We review the district court's decision to give an adverse-inference instruction for abuse of discretion. *United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013) (citing *United States v. Belden*, 957 F.2d 671, 674 (9th Cir. 1992)).

[3] We review the "denial of a motion for a new trial . . . for abuse of discretion." *Flores v. City of Westminster*, 873 F.3d 739, 748 (9th Cir. 2017) (citing *Martin v. Cal. Dep't of Veterans Affairs*, 560 F.3d 1042, 1046 (9th Cir. 2009)).

contrary to law.[4]  By contrast, the failure to give the punitive-damages instruction requires reversal.  Juries may award punitive damages upon a finding of deliberate indifference.  *See Castro v. County of Los Angeles*, 797 F.3d 654, 670 (9th Cir. 2015) (explaining that "deliberate indifference" and "reckless or callous indifference" are synonymous and that if a jury finds that the defendant acted with deliberate indifference, "it [is] also free to find that the [defendant's] actions constituted reckless or callous indifference, opening up the possibility of punitive damages"); *see also Castro*, 833 F.3d at 1066 n.2 (incorporating "the three-judge panel's opinion as to punitive damages").  Although the jury found that Meads acted with deliberate indifference to Cooley's Fourteenth Amendment rights, the district court failed to give a punitive-damages instruction.  Since this error was not harmless, we must remand for a new trial.  *See Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990) (failing to give adequate jury instructions provides grounds for new trial).

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART. Meads shall bear the costs on appeal with the exception of Cooley's appeal against Appellees Coyne, Marshall, and Muncie, which Cooley shall bear.**

---

[4] *See Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (requiring "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (quoting *Snow v. McDaniel*, 681 F.3d 978, 989 (9th Cir. 2012))); *State v. Bayard*, 71 P.3d 498, 502 (Nev. 2003) (needing only an abuse of discretion in making an arrest rather than issuing a citation to prove a constitutionally invalid arrest under Nevada law).

4