NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STACY G. HALL,

                Plaintiff-Appellant,

   v.

LEROY KIRKEGARD; et al.,

                Defendants-Appellees.

No.   18-35149

D.C. No. 6:14-cv-00011-DLC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Submitted May 22, 2020[**]

Before: SCHROEDER, CANBY, and TROTT, Circuit Judges.

     Stacy Hall, a Montana state prisoner, appeals pro se from the district court's

summary judgment in favor of prison officials in Hall's civil rights action. We

have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Ward v. Ryan*,

623 F.3d 807, 810 (9th Cir. 2010), and we affirm.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment to defendants on Hall's Eighth Amendment claim that he was improperly restrained during medical treatment. We do not discern any constitutional deficiency with the prison's requirement that locked housing inmates must be restrained for safety reasons when in direct contact with staff, including in the infirmary. This policy includes an exception when a physician, a physician's assistant, or a nurse deems it medically necessary. Neither this policy nor Hall's treatment in the infirmary violated the Eighth Amendment. Moreover, Hall failed to establish that any supervisory defendant knew that Hall was being restrained while receiving treatment. *See*, *e.g.*, *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (holding that, under section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability).

We reject Hall's argument that the district court erred because it failed to consider whether defendant Reich failed to intervene in Hall's restraint. Hall did not name Reich as a defendant in this cause of action.

The district court properly granted summary judgment to defendants on Hall's Eighth Amendment claims that prison officials (1) adopted policies that placed him in danger, and (2) failed to protect him from an attack by placing him in a block with rival gang members. Hall did not establish that any defendant either knew of or deliberately disregarded an excessive risk to Hall's safety. *See*,

18-35149

*e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 835-38 (1994) (neither negligence nor gross negligence will constitute deliberate indifference); *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1161 (9th Cir. 2013). Instead, the record reflects that Hall had previously been housed for months in a locked unit with members of a rival gang without incident, and he was being transferred by a correctional officer to another locked unit where rival gang members were also housed when this attack occurred. As the district court correctly observed, "[L]ike F block [where he had been housed], CCMP [where he was going], was a locked housing unit where Mr. Hall would have been locked down for the majority of the day and was supposed to have had little if any interaction with other inmates on the block at least for the first month while on that unit."

The district court also rightly noted that the cases upon which Hall relies "all deal with situations where an inmate was placed in general population or in the same cell with rival gang members," rendering his authorities materially distinguishable.

We reject Hall's argument that the district court failed to review de novo the magistrate judge's report and recommendations. The district judge did state that it would review for clear error because Hall's objections to the report were insufficient to trigger de novo review. We need not address the correctness of that ruling because the record reflects that the district court held that the

18-35149

magistrate's rulings were correct, and we affirm those rulings of the district court. Hall therefore received all the benefits of de novo review. We also reject as unsupported by the record Hall's contentions that (1) the district court failed to rule on Hall's objections to the magistrate judge's report and recommendations; and (2) that the magistrate judge failed to rule on one of Hall's state law claims.

The district court properly dismissed defendant Kohut for failure to state a deliberate indifference medical claim. Hall's disagreement with Kohut's treatment choices of medication do not state a colorable Eighth Amendment claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004).

The district court did not abuse its discretion in denying Hall's motions for appointment of counsel, because Hall failed to demonstrate extraordinary circumstances warranting the appointment of counsel. *See, e.g., Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

The district court did not abuse its discretion in denying Hall's discovery motions, because Hall failed to demonstrate that the evidence sought was material. *See Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (district court did not abuse discretion when denying motion to compel disclosure of defendants' internal policies after finding that material was minimally relevant).

The district court did not abuse its discretion in vacating a prior sanctions award. *See Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 808 (9th

Cir. 2019) (stating standard of review).  Assuming only for the sake of argument that Hall has standing to appeal the order, the district court vacated the sanctions because the factual record before the court had materially changed.  *See* Fed. R. Civ. Proc. 72 (district judge must modify or set aside any magistrate judge order that is "clearly erroneous").

AFFIRMED.