NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANCY SUSSMAN; MICHAEL SUSSMAN, Estate thereof by and thru his special administer for the estate, Plaintiffs-Appellants, v. SAN DIEGO POLICE DEPARTMENT; et al., Defendants-Appellees. | No. 19-56329 D.C. No. 3:19-cv-01063-DMS-JLB MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted September 8, 2020**

Before:      TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Nancy Sussman appeals pro se from the district court's judgment dismissing

her 42 U.S.C. § 1983 action arising out of the arrest and criminal prosecution of

her son, decedent Michael Sussman.  We have jurisdiction under 28 U.S.C. § 1291.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for an abuse of discretion a denial of a motion to amend a complaint. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). We affirm.

Sussman failed to include any argument in her opening brief regarding the district court's dismissal of her claims, and thus has waived any challenge to that issue. *See McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009) (arguments not raised in an appellant's opening brief are waived).

The district court did not abuse its discretion in denying Sussman leave to file her proposed third amended complaint because further amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile[.]"); *see also Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("[T]he district court's discretion in denying amendment is particularly broad when it has previously given leave to amend" (citation and internal quotation marks omitted[.])).

Contrary to Sussman's contentions, Sussman was required to seek leave of court to file a third amended complaint because she had already amended her complaint once as a matter of course. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court,

or by consent of the adverse party." (citing Fed. R. Civ. P.15(a))).

We reject as meritless Sussman's contentions that the district judge committed judicial misconduct and erred by dismissing without oral argument, and that the motions to dismiss were moot upon her filing her proposed third amended complaint.

All pending motions and requests are denied.

**AFFIRMED.**