NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 9 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MYONG SUK OH, an individual, | No. 22-55711 |
| Plaintiff-Appellant, | D.C. No.<br>8:21-cv-01808-MCS-ADS |
| v. | |
| RECONTRUST COMPANY, N.A., a US corporation and wholly owned subsidiary of Bank of America Corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted October 20, 2023**
Pasadena, California

Before: PAEZ and H.A. THOMAS, Circuit Judges, and R. COLLINS,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

Myong Suk Oh appeals the district court's June 27, 2022 order denying her motion for declaratory judgment and dismissing Defendants-Appellees ReconTrust Company, N.A. and MTC Financial, Inc.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's denial of declaratory relief. *Or. Coast Scenic R.R. v. Or. Dep't of State Lands*, 841 F.3d 1069, 1072 (9th Cir. 2016). We review for an abuse of discretion a district court's dismissal of a party for failure to prosecute, *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996), and failure to serve, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

Oh claims the district court's failure to hold oral argument violated her due process rights. However, the court had discretion to rule without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Oh next argues the district court's ruling demonstrated judicial bias. However, judicial bias cannot be based merely upon adverse rulings. *See United States v. Johnson*, 610 F.3d 1138, 1148 (9th Cir. 2010).

The district court's denial of Oh's motion for declaratory judgment on the pleadings was appropriate because neither MTC nor ReconTrust had answered the complaint. *See Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005)

---

[1] Although Defendants-Appellees Bank of New York Mellon, Auction.com, and Bayview Loan Servicing filed responsive briefs, Oh concedes they are not intended appellees and she is not challenging the district court's June 1, 2022 order or final judgment dismissing these parties.

2

(concluding a judgment on the pleadings prior to an answer is premature); Fed. R. Civ. P. 12(c) (providing a party may move for judgment on the pleadings "[a]fter the pleadings are closed").

Dismissal of MTC was not an abuse of discretion because Oh did not respond to the district court's order to show cause as to why MTC should not be dismissed for failure to prosecute. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum . . . is properly met with the sanction of a Rule 41(b) dismissal.").

Finally, dismissal of ReconTrust was not an abuse of discretion because Oh had notice of possible dismissal and an opportunity to show good cause for the failure to serve. *Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013). In response to the district court's order to show cause, Oh did not rectify service or demonstrate good cause, but merely reiterated her failed service attempts and argued the merits of her underlying claim.

**AFFIRMED.**