NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

VINCENT ROBERT MACKEY,

Plaintiff - Appellant,

v.

Doctor RAMIREZ BATILE; Doctor
WILL; ALLISON PACHYNSKI, Chief
Medical Officer; N. PODOLSKY, RN; M.
VERDIER, (CSE); S. GATES, Chief; T.
WOODSON, (HPM); ROBERT
BROOMFIELD, Warden; Doctor AARON
COOK; Doctor WU,

Defendants - Appellees.

No. 23-2893

D.C. No.
3:22-cv-05016-JSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, District Judge, Presiding

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Vincent Robert Mackey, a prisoner proceeding pro se, appeals the district

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in favor of Defendants in his action under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011). We affirm.

Mackey's evidence does not raise genuine issues of material fact regarding Dr. Cook's alleged deliberate indifference. Dr. Cook saw Mackey repeatedly, prescribed several types of treatment for common ailments consistent with his symptoms, and referred him to specialists. Even crediting Mackey's contention that Dr. Cook failed to diagnose and treat the true causes of Mackey's bowel dysfunction, the evidence does not show that failure to be anything but inadvertent. An unintentional failure does not rise to the level of an Eighth Amendment violation. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Mackey did not provide any evidence showing how the other named doctors' individual actions contributed to the alleged deprivation of his rights. As for the defendants who were not his doctors, Mackey did not provide evidence that they could be expected to "second-guess" medical professionals' exercise of judgment. *Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2006). Nor has he pointed to these officials' implementation of any policy "so deficient" as to constitute "a repudiation of constitutional rights." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). Given the absence of disputed issues of material fact, the

district court's grant of summary judgment was appropriate. *Torres*, 648 F.3d at 1123.

The motion to compel (Dkt. No. 29) is denied, because the defendants fulfilled their obligations under this court's order (Dkt. No. 18). We decline to review evidence and argument raised for the first time in the motion.

**AFFIRMED.**