**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID JEROLD SHANK, | No. 16-16773 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02572-PGR |
| v. | |
| CORIZON HEALTH SERVICES, Health Services Provider at A.S.P.C. Florence - East Unit; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

David Jerold Shank, an Arizona state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Shank failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his prostate condition. *See Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisors can only be liable under § 1983 if they are personally involved in a constitutional deprivation or if they implement a constitutionally deficient policy); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (municipal liability applies to suits against private entities under § 1983 if the entity acts under color of state law and the violation is caused by a policy, practice, or custom of the entity); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (deliberate indifference entails a purposeful act or failure to respond and harm caused by the act or failure to respond).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as unsupported by the record Shank's contentions that defendant Ryan perjured himself, that defendant Ryan's attorney perpetrated perjury, and that Judge Rosenblatt was biased and prejudiced against Shank.

**AFFIRMED.**

16-16773