NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JONATHAN WATKINS, | No. 17-15410 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00186-MMD-VPC |
| v. | |
| I. BACA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted November 15, 2017[**]

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Jonathan Watkins, a Nevada state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging a First

Amendment claim related to the handling of his outgoing mail.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *O'Keefe v. Van*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Boening*, 82 F.3d 322, 324 (9th Cir. 1996). We affirm.

The district court properly granted summary judgment because Watkins failed to raise a genuine dispute of material fact as to whether defendant Baca permitted by regulation more than a "cursory visual inspection" of outgoing legal mail, *Nordstrom v. Ryan*, 856 F.3d 1265, 1272 (9th Cir. 2017), or otherwise knowingly tolerated a violation of Watkins's First Amendment rights. *See Witherow v. Paff*, 52 F.3d 264, 265-66 (9th Cir. 1995) (describing prisoners' First Amendment right to send and receive mail); *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisors can only be liable under § 1983 if they are personally involved in a constitutional deprivation or if they implement a constitutionally deficient policy).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

2                                                                    17-15410