NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTOPHER HARBRIDGE,

Plaintiff-Appellant,

v.

ARNOLD SCHWARZENEGGER; et al.,

Defendants-Appellees.

No.    15-55841

D.C. No. 2:07-cv-04486-GW-AS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted October 1, 2018[**]

Before:    TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Christopher Harbridge, a California state prisoner, appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging retaliation and

other constitutional violations.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009) (summary

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment and dismissal under Fed. R. Civ. P. 12(b)(6)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A). We may affirm on any basis supported by the record. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm in part, reverse in part, and remand.

Dismissal of Harbridge's claims regarding the hearing on the Rules Violation Report and resulting discipline (claims 1-4, 6) was proper because Harbridge failed to allege facts sufficient to state any claim. *See Wilhelm*, 680 F.3d at 1121 (a complaint must state a plausible claim to relief to survive screening under 28 U.S.C. § 1915A). First, Harbridge failed to allege membership in a protected class to support his equal protection theory. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (To state a Fourteenth Amendment equal protection claim, a plaintiff must allege "that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."). Second, Harbridge failed to allege facts linking the alleged retaliation and his protected speech. *See Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("[M]ere speculation that defendants acted out of retaliation is not sufficient."). Third, Harbridge failed to allege facts showing any denial of the due process protections to which he was entitled as part of the disciplinary proceedings. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports disciplinary decision); *Wolff v.*

15-55841

*McDonnell*, 418 U.S. 539, 563-71 (1974) (setting forth due process requirements for prison disciplinary proceedings); *see also Wolff*, 418 U.S. at 566 ("Prison officials must have the necessary discretion . . . to refuse to call witnesses [for reasons such as] irrelevance [or] lack of necessity . . . .").

The district court properly granted summary judgment on Harbridge's retaliation claim based on a single missed meal because Harbridge failed to raise a genuine issue of material fact as to whether the denial of the meal was because of Harbridge's protected speech. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of retaliation claim in the prison context).

The district court properly granted summary judgment on Harbridge's retaliation claims based on his confinement during disciplinary detention (claims 7-9) because Harbridge failed to raise a genuine dispute of material fact as to whether defendants did not have a legitimate correctional purpose for confiscating Harbridge's personal items during disciplinary detention and denying him outdoor exercise. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (legitimate penological goals includes "preserving institutional order and discipline"). The district court did not abuse its discretion in excluding Mr. Markarian's declaration. *See Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007) ("Evidentiary rulings made in the context of summary judgment motions are reviewed for abuse of discretion . . . ."). We reject as unsupported by the record Harbridge's additional

3                                                                    15-55841

conclusory allegations regarding the conditions of confinement during disciplinary detention.

The district court properly granted summary judgment on Harbridge's conditions of confinement claim because Harbridge failed to raise a genuine dispute of material fact as to whether he suffered an extreme deprivation. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." (citation and internal quotation marks omitted)).

The district court properly dismissed Harbridge's claims of supervisory liability, including his claims against the California Correctional Peace Officers Association, because Harbridge failed to allege facts showing direct involvement or a sufficient causal connection between the actions of supervisors and the alleged constitutional violations. *See Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (requirements for supervisory liability). The district court properly dismissed Harbridge's claim based on respondeat superior because there is no vicarious liability under § 1983. *See id.*

The district court properly dismissed Harbridge's due process claims based on a dysfunctional prison grievance system because Harbridge did not have a protected liberty interest in any particular grievance system. *See Ramirez v.*

4                                                          15-55841

*Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no protected liberty interest in any particular grievance system).

The district court properly dismissed Harbridge's claims regarding the grievance system at Pleasant Valley State Prison for improper venue. *See* 28 U.S.C. § 1391(b) (listing grounds for venue and explaining that a civil action should be brought in the judicial district in which a substantial portion of the events giving rise to the claim occurred).

The district court properly dismissed Harbridge's retaliation claim against Porter and Nungary because Harbridge failed to allege facts sufficient to state a claim. *See Rhodes*, 408 F.3d at 567-68.

The district court dismissed Harbridge's retaliation claim against Reed in its initial screening order before any response by the defendants on the ground that Harbridge failed to allege an adverse action that chilled his speech. Harbridge, however, alleges that Reed threatened him with a prison transfer if he continued to write letters of complaint, which is sufficiently adverse to state a retaliation claim even if the threat was never carried out. *See Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009) ("[T]he mere *threat* of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect."). Harbridge was not required to plead facts showing that his speech was actually chilled, only that the threat would chill a "person of ordinary firmness." *Id.* at

1271 ("an objective standard governs the chilling inquiry"). We reverse and remand for further proceedings as to Harbridge's claim against Reed only.

We do not consider any arguments that Harbridge fails to raise in his opening brief, and we reject Harbridge's contention that he properly raised issues by referencing his briefs before the district court. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that the court cannot "manufacture arguments for an appellant" (citation omitted)).

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**