NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE DAVID HUFFMAN, | No. 20-56010 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-01197-JLS-MRW |
| v. | |
| STANLEY L. SNIFF, Riverside County Sheriff, in individual and official capacity, et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted December 14, 2021[**]

Before: WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

California pretrial detainee George David Huffman appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm in part, vacate in part, and remand.

The district court properly granted summary judgment for defendants other than the Sheriff because Huffman failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his serious medical needs or were responsible for the policies that allegedly led to a violation of his constitutional rights.  *See Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisors can only be liable under § 1983 if they are personally involved in a constitutional deprivation or if they implement a constitutionally deficient policy).

However, Huffman arguably states a claim in the operative second amended complaint against the Sheriff of Riverside County.  The district court stated that a claim against the Sheriff would be viable but concluded that the Sheriff was not properly named.  Although the Sheriff is not listed as a defendant in the body of the complaint, then-Sheriff Stanley Sniff is named in the caption, and Huffman alleges that "Riverside Sheriff by policy and procedure" is responsible for Huffman's injury.  Thus, we vacate the judgment in part and remand for further proceedings on the claim against the Sheriff only.

We do not consider matters raised for the first time on appeal, or issues that the district court declined to address.  *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008)

2                                                                          20-56010

(en banc); *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

The parties will bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**